IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT E. KEOWN, | ) | CIVIL NO. 08-00041JMS-KSC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | REMAND |
| | ) | |
| TUDOR INSURANCE COMPANY, a | ) | |
| New Hampshire Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFF'S MOTION FOR REMAND

Before the Court is Plaintiff Robert Keown's ("Plaintiff") Motion for Remand ("Motion"), filed February 27, 2008.  On March 14, 2008, Defendant Tudor Insurance Company ("Defendant") filed its Opposition. On March 25, 2008, Plaintiff filed a Reply.

This matter came on for hearing on April 9, 2008.  Alan Van Etten, Esq., and Bridget Gallagher Morgan, Esq., appeared on behalf of Plaintiff.  John Price, Esq., appeared on behalf of Defendant.  At the hearing, the Court granted Plaintiff's counsel leave to file a Supplemental Declaration to inform the Court

about whether the related state action has settled.   On
April 16, 2008, Plaintiff's counsel filed a
Supplemental Declaration.   After careful consideration
of the Motion, the supporting and opposing memoranda,
and the arguments of counsel, the Court hereby FINDS
AND RECOMMENDS that the Motion be GRANTED.

<u>BACKGROUND</u>

On January 11, 2005, Honpa Hongwanji Mission of
Hawaii ("Honpa") filed a complaint in the Circuit Court
of the Fifth Circuit, State of Hawaii, against
Plaintiff and The Koloa Early School ("Early School"),
wherein Honpa asserted partition and negligence claims.[1]
Plaintiff, a real estate broker, represented Honpa and
Early School in the purchase of a property in Koloa,
Kauai ("subject property").   Plaintiff was a member of
the Board of Directors of Early School.

_____

[1] The underlying action in which Plaintiff is the
defendant is <u>Honpa Hongwanji Mission of Hawaii, a</u>
<u>Hawaii eleemosynary corporation v. The Koloa Early</u>
<u>School, a Hawaii non-profit corporation, and Robert E.</u>
<u>Keown</u>, Civil No. 05-1-0005, Circuit Court of the Fifth
Circuit, State of Hawaii.

Honpa alleges that Plaintiff breached his duty of care because he failed to document a mutually acceptable co-tenancy agreement concerning the respective ownership and use of the subject property by Honpa and Early School.  Honpa and Early School entered into the DROA without a property division agreement, which ultimately created the dispute over ownership that is the subject of the underlying action.  Honpa further alleges that Plaintiff was a mortgagee of an undivided one-half interest in the subject property for a principal amount of $230,000.

On February 1, 2005, Plaintiff made a tender on a professional liability insurance policy ("subject policy").  The insured under the policy is Bob Keown, Ltd. dba Makai Properties, but Plaintiff claims to be an insured because he acted within the scope of his duties as a principal or employee of the insured.  The subject policy provides indemnity for losses as well as defense of claims.

Defendant rejected Plaintiff's claim on

February 8, 2005, citing two exclusions:

> As noted in the Complaint, it is alleged
> that you are serving as an officer and/or
> director of the co-defendant Early School
> and, as such, Exclusion G. otherwise would
> preclude coverage for this matter.  Please
> also note that Exclusion N. also precludes
> coverage for your services and/or capacity
> as an officer or director of a business
> enterprise not named in the Declarations.

Pl.'s Mot, Ex. C at 3.  On April 20, 2007, Plaintiff

requested that Defendant reconsider its decision.  On

July 20, 2007, Defendant reaffirmed its initial

rejection of Plaintiff's claim.

On December 17, 2007, Plaintiff filed a

Complaint in the Circuit Court of the Fifth Circuit,

State of Hawaii.  Plaintiff seeks a declaration of his

rights under the policy issued by Defendant regarding

Defendant's duty to defend and indemnify.  In addition,

Plaintiff requests attorneys' fees and costs incurred

in the defense of the underlying action, as well as

attorneys' fees and costs incurred in connection with

this action pursuant to Hawaii Revised Statutes ("HRS")

§ 431:10-242.  Defendant removed the action on January

4

28, 2008 on the basis of diversity jurisdiction, 28
U.S.C. § 1332(a).  Plaintiff subsequently filed the
instant Motion.

<u>DISCUSSION</u>

Plaintiff moves to remand this action to the
Circuit Court of the Fifth Circuit, State of Hawaii,
pursuant to 28 U.S.C. § 1447(c).[2]  He requests that the
Court abstain from exercising its jurisdiction over the
present declaratory action because the Court's exercise
of jurisdiction is discretionary.  Defendant counters
that the Court should retain jurisdiction because
Plaintiff's request for reimbursement of the defense
costs expended in connection with the underlying action
is an independent claim arising under state law even
though it is not pled as a separate cause of action.

---

[2]  The Court notes that "[s]ection 1447(c) governs
only 'ordinary' remands, that is, remands 'based on
lack of subject matter jurisdiction or defects in
removal procedure.'" <u>Snodgrass v. Provident Life and
Acc. Ins. Co.</u>, 147 F.3d 1163, 1165 (9th Cir. 1998)
(citation omitted).  A remand pursuant to the
discretionary jurisdiction provision of the
Declaratory Judgment Act is an "exceptional," not
"ordinary," remand.  <u>Id.</u>

Defendant posits that the declination of jurisdiction over this action would create duplicative litigation because the Court would arguably retain jurisdiction over the reimbursement claim.

As an initial matter, the Court notes that it has subject matter jurisdiction over the present action.[3]  "Subject matter jurisdiction is a necessary predicate to the issuance of a declaratory judgment," so the question of whether to exercise discretionary jurisdiction only arises if subject matter jurisdiction can be established. United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1107 (9th Cir. 2001) (citing American Cas. Co. v. Krieger, 181 F.3d 1113, 1118 (9th Cir. 1999)); Krieger, 181 F.3d at 1118 (noting that

---

[3]  Plaintiff does not challenge the existence of diversity jurisdiction.  District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a). In the Notice of Removal, Defendant represented that the amount in controversy exceeded $75,000; that Plaintiff is a citizen of Hawaii; and that it is a citizen of New Hampshire and New Jersey.  See Notice of Remand at ¶¶ 3-5.

diversity of citizenship was the independent basis for
jurisdiction in the district court).  Insofar as
subject matter jurisdiction exists, the Court may
evaluate the discretionary jurisdiction issue presented
in this Motion.

The Declaratory Judgment Act ("DJA"), codified
at 28 U.S.C. § 2201(a), provides in relevant part:

> any court of the United States, upon the
> filing of an appropriate pleading, may
> declare the rights and other legal
> relations of any interested party seeking
> such declaration, whether or not further
> relief is or could be sought. Any such
> declaration shall have the force and
> effect of a final judgment or decree and
> shall be reviewable as such.

28 U.S.C. § 2201(a).  The Court has the discretion "to
determine whether it is 'appropriate' to grant
jurisdiction in a declaratory relief action based in
diversity."  Gov't Employees Ins. Co. v. Dizol, 176 F.
Supp. 2d 1005, 1017 (D. Haw. 2001) (citing Wilton v.
Seven Falls Co., 515 U.S. 277, 288-89 (1995); see also
Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d
800, 803 (9th Cir. 2002) (The "decision whether to

exercise jurisdiction over a declaratory action lies in the sound discretion of the district court."). "[T]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." Id. at 1225; Huth, 298 F.3d at 803. In fact, insurers are not "barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998) (quoting Aetna Cas. & Sur. Co. v. Merritt, 974 F.2d 1196, 1199 (9th Cir. 1992)) (quotations omitted).

The Court's discretion is governed by the factors enunciated in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942): 1) avoidance of needless determination of state law issues; 2) discouragement of the filing declaratory actions as a means of forum shopping; and 3) avoidance of duplicative litigation. Dizol, 133 F.3d at 1225. Additionally, the Ninth Circuit considers whether there is a parallel state

proceeding.[4]  Phoenix Assurance PLC v. Marimed Found.

for Island Health Care Training, 125 F. Supp. 2d 1214,

1219 (D. Haw. 2000); see also Dizol, 133 F.3d at 1225.

Before the Court considers the Brillhart and/or

other factors, it is necessary to determine whether

Plaintiff's Complaint includes claims independent of

the declaratory relief sought, which would render the

exercise of jurisdiction mandatory.  Defendant

---

[4]  The Court may also consider factors such as:

> whether the declaratory action will settle
> all aspects of the controversy; whether
> the declaratory action will serve a useful
> purpose in clarifying the legal relations
> at issue; whether the declaratory action
> is being sought merely for the purposes of
> procedural fencing or to obtain a 'res
> judicata' advantage; or whether the use of
> a declaratory action will result in
> entanglement between the federal and state
> court systems. In addition, the district
> court might also consider the convenience
> of the parties, and the availability and
> relative convenience of other remedies.

Dizol, 133 F.3d at 1225 n.5 (quoting American States
Ins. Co. v. Kearns, 15 F.3d 142, 145 (9th Cir. 1994)
(J. Garth, concurring)) (quotations omitted); Principal
Life Ins. Co. v. Robinson, 394 F.3d 665, 672 (9th Cir.
2005).

characterizes Plaintiff's request for fees and costs associated with Defendant's duty to indemnify and defend as a claim for reimbursement, i.e., an independent claim arising under state law grounded in principles of breach of contract and the equitable doctrine of restitution.[5] Plaintiff maintains that his action is purely declaratory in nature and that his prayer for reimbursement of defense costs is not an independent action, but would be the natural result of a declaration that Defendant is required to defend Plaintiff in the underlying action.

District courts should not, as a general rule,

---

[5] Defendant relies on <u>United National</u> for this proposition.  However, <u>United National</u> is distinguishable.  First, it involved a counterclaim for reimbursement.  <u>United Nat'l</u>, 242 F.3d at 1113.  Here, Plaintiff did not assert a separate claim for reimbursement.  Second, the court relied on a California Supreme Court case, which recognized an insurance company's right to seek reimbursement for defense costs expended in underlying litigation, in holding that the claim was probably sufficiently independent to trigger mandatory federal jurisdiction.  <u>Id.</u> at 1113-15.  Plaintiff in this case is the insured, not the insurer.  Moreover, Defendant has not presented any Hawaii cases recognizing reimbursement claims for insureds.

remand or decline to entertain claims for declaratory relief when the declaratory action joins other claims (i.e., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief). United Nat'l, 242 F.3d at 1112 (citing Dizol, 133 F.3d at 1225; Chamberlain v. Allstate Ins. Co., 931 F.2d 1361 (9th Cir. 1991); Maryland Cas. Co. v. Knight, 96 F.3d 1284 (9th Cir. 1996); St. Paul Fire & Marine Ins. Co. v. F.H., 117 F.3d 435 (9th Cir. 1997); Snodgrass, 147 F.3d 1163). "If a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation." Dizol, 133 F.3d at 1225, 1226. Thus, the Court must ascertain "whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." Snodgrass, 147 F.3d at 1167-68 (citing Knight,

96 F.3d at 1289; Chamberlain, 931 F.2d at 1367).

In the instant action, there are no claims independent of Plaintiff's request for declarations of his rights under the subject policy.  As part of his request for declaratory relief, Plaintiff seeks a declaration that Defendant is required to indemnify and defend him in the underlying action and must pay for his attorneys' fees and costs associated with the same. Notice of Removal, Ex. 1 at ¶ 84.  However, this request for monetary relief is not independent; that is, it would not exist if the request for declaratory relief dropped from the case.  See, e.g., Employers Reins. Corp. v. Karussos, 65 F.3d 796, 800 (9th Cir. 1995), overruled on other grounds by Dizol, 133 F.3d 1220 (disagreeing with the party's "contention that simply asking for a share of the defense costs to date transforms a declaratory relief action over which jurisdiction is discretionary into a case which the district court is obligated to hear"); see also Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 755

(9th Cir. 1996), <u>overruled on other grounds by</u> <u>Dizol</u>,

133 F.3d 1220.  Indeed, Plaintiff will only be entitled

to a declaration that Defendant pay his fees and costs

related to Defendant's purported duty to defend and

indemnify if he prevails on his other claims for

declaratory relief.  Without a declaration of rights

under the subject policy, the request for a declaration

that Defendant must pay for Plaintiff's attorneys' fees

and costs incurred in defending against the underlying

action could not exist alone.  Therefore, despite the

request for a declaration concerning monetary relief,

the instant action is declaratory in nature, and

jurisdiction remains discretionary.  Accordingly, the

Court shall consider the <u>Brillhart</u> factors.

A.   <u>Needless Determination of State Law</u>

          Needless determination of state law may occur

when:  there are parallel state proceedings involving

precise state law issues; Congress expressly reserved

the area of law for the states; and there is no

compelling federal interest, i.e. diversity

jurisdiction.  <u>Continental Cas. Co. v. Robsac</u>

<u>Industries</u>, 947 F.2d 1367, 1371 (9th Cir. 1991),

<u>overruled on other grounds by</u> <u>Dizol</u>, 133 F.3d 1220.

    1.   <u>Parallel State Proceedings</u>

       Plaintiff argues that the underlying action and

the instant litigation constitute parallel proceedings

because the same issues and parties are involved and

there is thus a presumption that the entire suit should

be heard in state court.  Defendant counters that this

action presents none of the legal or factual issues

concerning Plaintiff's liability in the underlying

action and has no bearing upon the coverage issues in

the present action.  Moreover, Defendant represents

that the underlying action is in the process of

settling.

       Where a parallel state proceeding involving the

same issues and parties exists at the same time the

federal declaratory action is filed,[6] there is a

---

     [6] More recent Ninth Circuit authority indicates
that the Court's evaluation is based on the
circumstances existing at the time Plaintiff filed the

14

presumption that the declaratory action should be heard in state court. <u>Dizol</u>, 133 F.3d at 1225; <u>Smith v. Lenches</u>, 263 F.3d 972, 978 (9th Cir. 2001).  This is because it would ordinarily "be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal laws, between the same parties." <u>Dizol</u>, 133 F.3d  at 1231 (quoting <u>Brillhart</u>, 316 U.S. at 495).

The Ninth Circuit construes "parallel actions" liberally.  Underlying state actions need not involve the same parties nor the same issues to be considered parallel.  "It is enough that the state proceedings arise from the same factual circumstances." <u>Golden</u>

_____

Motion ("time-of-motion rule"), rather than at the time the complaint was filed ("time-of-filing rule").  <u>See</u> <u>United Nat'l</u>, 242 F.3d at 1111 ("*Krieger* suggests that the time-of-filing rule did not survive this change unaffected. 181 F.3d at 1119 ("Under *Dizol*, ... the court was entitled to evaluate the motion to [decline jurisdiction] under the circumstances existing at the time the issue was raised rather than at the time of filing [of the complaint].")).

Eagle, 103 F.3d at 754-55 (citing American Nat'l Fire
Ins. Co. v. Hungerford, 53 F.3d 1012, 1017 (9th Cir.
1995), overruled on other grounds by Dizol, 133 F.3d
1220)).   Similarly, in Employers Reinsurance Corp. v.
Karussos, the court held that it was an abuse of
discretion to retain jurisdiction in contravention of
the Hungerford rule that courts should "decline to
assert jurisdiction in insurance coverage . . . actions
presenting only issues of state law during the pendency
of parallel proceedings in state court" even though the
state and federal cases raised overlapping, but not
identical, factual issues, and the insurer was not a
party to the state court action, 65 F.3d at 798, 800.[7]

---

[7]   By contrast, the Ninth Circuit, in American
Casualty Co. v. Krieger, found that the district court
did not abuse its discretion in deciding that the first
Brillhart factor weighed in favor of retaining
jurisdiction because "the state tort case did not
involve the same legal issues as the federal
declaratory action, which centered on the coverage
dispute rather than liability issues," 181 F.3d at
1119.   Krieger is still consistent with other Ninth
Circuit authority because although it looked at the
similarity of the legal issues, it did not overrule or
discount the test previously employed in its precedent,
which focused on the similarity of factual issues.

16

In his Supplemental Declaration, Mr. Van Etten
informed the Court that Honpa and Plaintiff have
recently executed a settlement agreement in the
underlying action and are in the process of exchanging
the executed pages.  Mr. Van Etten also represents that
no stipulation to dismiss the underlying action or the
claims against Plaintiff has been submitted to the
court.  Thus, although the underlying action has yet to
be dismissed as against Plaintiff, there is no parallel
state action in light of the settlement between Honpa
and Plaintiff.

Whether or not the Ninth Circuit adheres to the
time-of-filing rule or the time-of-motion rule,[8] the
Court may appropriately take note of all existing
circumstances internal to the underlying action that
bear on the jurisdictional issue.  United Nat'l, 243

-----

[8]  Under either rule, the result would likely be the
same.  At the time Plaintiff filed his Complaint, he
and Honpa had reached a general settlement agreement in
principle, but had not exchanged settlement and release
language.  The settlement status had not changed at the
time Plaintiff filed the instant Motion.

17

F.3d at 1111.  The fact that Honpa and Plaintiff have
recently executed a settlement agreement is relevant to
the Court's assessment of jurisdiction.  Because the
claims against Plaintiff in the underlying action have
settled, and the dismissal of the claims are a mere
technicality, the Court is unable to find that a
parallel state action exists and there is accordingly
no presumption that the case should be heard in state
court.  <u>Krieger</u>, 181 F.3d at 1119.  Nevertheless, the
presence or absence of a parallel proceeding is merely
one factor to consider.  <u>Phoenix Assurance</u>, 125 F.
Supp. 2d at 1223 (citing <u>Dizol</u>, 133 F.3d 1225).

    2.   <u>Area of Law Reserved for the States</u>

       This case involves an area of law reserved for
the states.  The dispute solely implicates insurance
law, an area of law expressly left to the states by
Congress through the McCarran-Ferguson Act.  <u>Robsac</u>,
947 F.2d at 1371 (citing 15 U.S.C. §§ 1011-12 (1988)).
Courts abstain from hearing declaratory judgment
actions for the construction of insurance policies when

"unresolved state law issues are present in a field of law where the state has shown its interest by significant legislative activity and administrative regulation." <u>Smith v. State Farm Ins. Co.</u>, 615 F. Supp. 453, 455 (D. Haw. 1985) (citation omitted).  This is because "[t]he states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulations." <u>Karussos</u>, 65 F.3d at 799 (citation and quotations omitted) (alteration in original).

    3.   <u>Absence of Compelling Federal Interest</u>

        Finally, there is no compelling federal interest.  Where, as here, "the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir." <u>Robsac</u>, 947 F.3d at 1371.

        Based on the foregoing, the first <u>Brillhart</u> factor weighs heavily in favor of remand.

B.  <u>Forum Shopping</u>

        The second <u>Brillhart</u> factor favors neither

19

party.  Plaintiff initiated the action in state court and Defendant removed the action.  Defendant's removal of the action does not constitute forum shopping, as there is statutory authority to support the removal based on diversity jurisdiction.  <u>First State Ins. Co. v. Callan</u>, 113 F.3d 161, 162 (9th Cir. 1997) ("Although occasionally stigmatized as 'forum shopping,' the desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III."). This case simply presents a situation where Plaintiff prefers state resolution while Defendant favors federal resolution.  <u>Huth</u>, 298 F.3d at 804.  Accordingly, the Court finds that this factor is neutral and does not weigh in favor of accepting or declining jurisdiction.

C.  <u>Duplicative Litigation</u>

The third <u>Brillhart</u> factor favors neither the acceptance nor declination of jurisdiction.  In light of the fact that "the case will be disposed of entirely either in state or federal court, depending upon the

20

outcome of this" Motion, and there is no presumption

that the declaratory action should be heard in state

court, this factor is a wash.   Huth, 298 F.3d at 803-

04.

D.   Other Factors

          Plaintiff argues that the following two factors

weigh in favor of declining jurisdiction:  1) whether

the use of a declaratory action will result in

entanglement between the federal and state court

systems and 2) the convenience of the parties.

     1.   Entanglement Between Federal and State Court
          Systems

          Plaintiff contends that the exercise of

jurisdiction under the present circumstances would

create an entanglement between federal and state court

systems.  Specifically, Plaintiff is concerned about

Defendant's reliance on extrinsic evidence from the

underlying action to deny coverage.  Defendant argues

that there is no disputed extrinsic evidence concerning

1) the substance of the claims against Plaintiff in the

underlying action; 2) Plaintiff's status as a director

for Early School; 3) Plaintiff's $230,000 loan to Early School for the purchase of the subject property; or 4) the language of the subject policy.

The Court finds that retaining jurisdiction would not create entanglement between it and the state court.  Federal courts regularly and frequently adjudicate insurance declaratory actions where the facts must be gleaned from the state record.  Thus, this factor is neutral.

2.   <u>Convenience of the Parties</u>

Plaintiff posits that this factor strongly militates in favor of declining jurisdiction and allowing the action to proceed in state court, on the Island of Kauai.  Plaintiff and Honpa representatives live on Kauai and Plaintiff represents that it would be inconvenient for them to fly to Honolulu to litigate this case.  Defendant charges that Plaintiff's "inconvenience" involves less than 100 miles and pertains to venue, not selection of the forum court. Moreover, Defendant points out that its personnel will

have to travel a distance of 5,500 miles to reach
Hawaii.

This factor is neutral.  The Court notes that
travel between islands is not as convenient as
Defendant may presume it to be.  The distance that
Plaintiff would have to travel is not significant, but
the fact that air travel is the only means by which
Plaintiff can come to Honolulu makes it less convenient
for him to litigate in federal court than in state
court.  On the other hand, Defendant has to travel a
significant distance to come to Hawaii whether the case
proceeds here or in state court.  However, Defendant
would likely fly into Honolulu, so litigating in state
court would require it, like Plaintiff, to travel
interisland.  Accordingly, this factor does not
militate in favor of declining or retaining
jurisdiction.

In sum, the Court finds that while most of the
foregoing factors are neutral, the first <u>Brillhart</u>
factor - needless determination of state law - weighs

23

in favor of declining jurisdiction.   Consequently, remand is appropriate.

CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Motion for Remand, filed February 27, 2008.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, April 17, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 08-00041 JMS-KSC; KEOWN V. TUDOR INSURANCE CO., FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND