IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT E. KEOWN, | ) | CIVIL NO.  08-00041 JMS/KSC |
| | ) | |
| Plaintiff, | ) | ORDER AFFIRMING |
| | ) | MAGISTRATE JUDGE CHANG'S |
| vs. | ) | APRIL 17, 2008 FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| TUDOR INSURANCE COMPANY, a | ) | PLAINTIFF'S MOTION FOR |
| New Hampshire Corporation, | ) | REMAND |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER AFFIRMING MAGISTRATE JUDGE CHANG'S APRIL 17, 2008
FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION FOR REMAND**

## I.  INTRODUCTION

Plaintiff Robert Keown ("Plaintiff"), a realtor, filed this action in

Hawaii state court against his professional liability insurer, Tudor Insurance

Company ("Defendant"), seeking a declaration that Defendant is obligated to

defend and indemnify Plaintiff in a separate Hawaii state action that names

Plaintiff as a defendant.  Defendant removed the action to this court, and Plaintiff

now seeks remand.

On April 17, 2008, United States Magistrate Judge Chang entered his

Findings and Recommendation to Grant Plaintiff's Motion for Remand ("April 17,

2008 F&R"), finding that the court should decline jurisdiction because this

declaratory judgment action implicates unresolved state law issues.  On May 2, 2008, Defendant filed Objections, arguing that April 17, 2008 F&R erred in finding that (1) the Complaint alleges a claim for declaratory relief only, and (2) insurance coverage disputes cannot be heard in federal court.  Based on the following, the court AFFIRMS the April 17, 2008 F&R.

## II.  BACKGROUND

On January 11, 2005, Honpa Hongwanji Mission of Hawaii ("Honpa") filed a complaint in the Circuit Court of the Fifth Circuit, State of Hawaii (the "Honpa action") against Plaintiff and the Koloa Early School (the "Early School").  The Honpa complaint makes the following allegations:  Plaintiff is a director of the Early School, and on its behalf negotiated and agreed to basic terms of a co-tenancy arrangement between Honpa and the Early School for certain real property located in Koloa, Kauai (the "subject property").  Pl.'s Mot. Remand, Ex. A. ¶ 10.  Later, Plaintiff, "acting as Principal Broker/Broker-in-Charge," represented both parties in negotiations with the Seller, and prepared the Deposit Receipt Offer and Acceptance ("DROA").  *Id.* ¶ 12.  Honpa and the Early School purchased the subject property without agreeing how to document ownership of the subject property, and without an agreed-upon written co-tenancy agreement.  *Id.* ¶¶ 14-15.  After the purchase, a mortgage was filed on the subject

2

property, identifying Plaintiff as mortgagee of an undivided ½ interest in the

subject property.  *Id.* ¶ 19.  The Honpa complaint includes two claims: (1) for a

partition of the subject property and a declaration that Honpa's interest is not

encumbered by Plaintiff's mortgage; and (2) a negligence claim against Plaintiff

for breach of duty of care in representing Honpa in the purchase of the subject

property.  *Id.* ¶¶ 34-35.

At the time of these transactions, Plaintiff had a professional liability

insurance policy for his real estate business from Defendant, naming as the insured

Bob Keown, Ltd. DBA Makai Properties, and Robert E. Keown, "acting within the

scope of his duties as a past or present . . . principal . . . or employee of the

Insured."  *See* Pl.'s Mot. Remand, Ex. D at 2.  On February 1, 2005, Plaintiff

forwarded the Honpa complaint to Defendant to determine whether it "can provide

legal representation to Mr. Keown."  Pl.'s Mot. Remand, Ex. B.  On February 8,

2005, Defendant rejected Plaintiff's claim for the following reasons:

> As noted in the Complaint, it is alleged that you are serving as
> an officer and/or director of the co-defendant Early School and,
> as such, Exclusion G. otherwise would preclude coverage for
> this matter.  Please also note that Exclusion N. also precludes
> coverage for your services and/or capacity as an officer or
> director of a business enterprise not named in the Declarations.

Pl.'s Mot. Remand, Ex. C at 3.  On April 20, 2007, Plaintiff requested that Defendant reconsider its decision, especially in light of caselaw from various jurisdictions which supports that the insurance exclusions should not apply where Plaintiff's status as a director of the Early School is not directly implicated in the Honpa action.  Pl.'s Mot. Remand, Ex. D, at 25-32.  On July 20, 2007, Defendant reaffirmed its rejection of Plaintiff's claim.

On December 17, 2007, Plaintiff filed a Complaint for declaratory relief against Defendant in the State of Hawaii Circuit Court of the Fifth Circuit. Plaintiff seeks a declaration of his rights to indemnity and defense from Defendant regarding the Honpa action, as well as attorneys' fees and costs.  On January 28, 2008, Defendant removed the action on the basis of diversity, 28 U.S.C. § 1332(a). On February 27, 2008, Plaintiff filed a Motion for Remand, which Magistrate Judge Chang recommended be granted in his April 17, 2008 F&R.[1]  On May 2, 2008, Defendant filed its Objections to the April 17, 2008 F&R, and Plaintiff responded on May 12, 2008.

///

///

--------

[1] The Honpa action settled after Plaintiff filed his Motion for Remand, but before the April 17, 2008 F&R.  The April 17, 2008 F&R took this new fact into account in making its recommendation.

# III.  STANDARD OF REVIEW

Plaintiff asserts that the court should apply a de novo standard of review to his Motion for Remand.[2]  The Ninth Circuit has not considered this issue, but "several circuits have held that a motion to remand is to be treated as a dispositive motion."  *McClelland v. Merck & Co.*, 2007 WL 178293, at *1 (D. Haw. Jan. 19, 2007) (citing cases).  Given the present state of the law, the court treats the motion to remand as a dispositive motion.  *See Sylvester v. Menu Foods, Inc.*, 2007 WL 4291024, at *2 (D. Haw. Dec. 5, 2007) (applying a de novo standard of review because the magistrate judge crafted the decision as a findings and recommendation, a decision to remand would effectively remove the case from the court, and a de novo review would be most beneficial to defendant); *McClelland*, 2007 WL 178293, at *1; *Ortiz v. Menu Foods*, 525 F. Supp. 2d 1220, 1222 (D. Haw. 2007).

Pursuant to Federal Rule of Civil Procedure 72(b), 28 U.S.C. § 636(b)(1)(B), and Local Rule 74.2, the court must apply a de novo standard of review to a magistrate judge's case dispositive order.  Specifically, the district court must make a de novo determination of those portions of the magistrate judge's report to which an objection is made and may accept, reject, or modify, in

---

[2] Defendant does not address what standard of review the court should apply.

5

whole or in part, the findings or recommendations made by the magistrate judge.

Under a de novo standard, this court reviews "the matter anew, the same as if it

had not been heard before, and as if no decision previously had been rendered."

*Freeman v. DirecTV, Inc*., 457 F.3d 1001, 1004 (9th Cir. 2006).

## IV.  <u>DISCUSSION</u>

Defendant raises the following two objections to the April 17, 2008

F&R: (1) the Complaint includes an independent claim for monetary relief, over

which the court has mandatory jurisdiction, Def.'s Obj. 8; and (2) the April 17,

2008 F&R improperly concluded that insurance coverage disputes cannot be heard

in federal court.  Def.'s Obj. 3.  The court rejects both these arguments.

### A.     **Plaintiff's Request for Attorneys' Fees and Costs**

The Ninth Circuit applies "the principle that 'when other claims are

joined with an action for declaratory relief (*e.g*., bad faith, breach of contract,

breach of fiduciary duty, rescission, or claims for other monetary relief), the

district court should not, as a general rule, remand or decline to entertain the claim

for declaratory relief.'"  *United Nat'l Ins. Co. v. R&D Latex Corp*., 242 F.3d 1102,

1112 (9th Cir. 2001) (*quoting Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220,

1225 (9th Cir. 1998) (en banc)).  Despite this general rule, the presence of claims

for monetary relief does not require the district court to accept jurisdiction where

the action is "primarily declaratory in nature."  *See id.* (*citing Employers*

*Reinsurance Corp. v. Karussos*, 65 F.3d 796 (9th Cir. 1995) *and Golden Eagle*

*Ins. Co. v. Travelers Co.*, 103 F.3d 750 (9th Cir. 1996)).  Rather, the court must

analyze:

> whether the claim for monetary relief is independent in the
> sense that it could be litigated in federal court even if no
> declaratory claim had been filed.  In other words, the district
> court should consider whether it has subject matter jurisdiction
> over the monetary claim alone, and if so, whether that claim
> must be joined with one for declaratory relief.

*Id.* at 1113.

The April 17, 2008 F&R applied this test and determined that

Plaintiff's request for attorneys' fees is dependent on Plaintiff's claim for

declaratory relief -- meaning that the court's jurisdiction over this action is

discretionary, as opposed to mandatory.  *See* Apr. 17, 2008 F&R 12-13.  Based on

a de novo review, the court agrees.

The Complaint alleges that Plaintiff "is entitled to a binding

declaration that [Defendant] is required to indemnify and defend [Plaintiff] in the

Lawsuit and must pay for [Plaintiff's] attorneys' fees and costs in defending

himself in the Lawsuit," Compl. ¶ 84, and seeks an "award of attorneys' fees and

costs incurred in connection with this action, pursuant to Haw. Rev. Stat.

§ 431:10-242 (2007)." *Id.* at A.  This provision provides:

> Where an insurer has contested its liability under a policy and
> is ordered by the courts to pay benefits under the policy, the
> policyholder, the beneficiary under a policy, or the person who
> has acquired the rights of the policyholder or beneficiary under
> the policy shall be awarded reasonable attorney's fees and the
> costs of suit, in addition to the benefits under the policy.

According to its plain words, § 431:10-242 requires that where the court orders the

insurer to pay benefits under a policy, the insured is also entitled to attorneys' fees.

Thus, § 431:10-242 does not create a separate cause of action for attorneys' fees,

but instead conditions the payment of attorneys' fees and costs on the insured

prevailing on its liability claim.  Stated differently, the request for monetary relief

could not be litigated in federal court had Plaintiff not also filed a claim for

declaratory relief.  *See United Nat'l Ins.*, 242 F.3d at 1112; *see also N. Pac.*

*Seafoods, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 2008 WL 53180, at

*4 (W.D. Wash. Jan. 3, 2008) (finding that "[b]oth the second and third claims for

relief actually assert a prayer for relief, necessarily dependent upon a declaration

of coverage as requested in the first claim").

        The court rejects Defendant's arguments that Plaintiff has stated an

independent breach of contract claim separate from the declaratory judgment.  As

an initial matter, Defendant's argument finds no support in the Complaint, which

states a single claim for declaratory relief, and does not allege a claim for breach of contract.[3]  Further, Defendant's reliance on *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361 (9th Cir. 1991), for the proposition that "all claims for monetary relief prevent the federal court from declining jurisdiction over an insurance declaratory judgment action," is incorrect as a matter of law.  *See* Defs.' Obj. 10. *Chamberlain* does not stand for this proposition,[4] and as discussed above, *R&D Latex Corp.* sets forth the proper inquiry.  Accordingly, the court finds that Plaintiff's request for attorneys' fees does not render the court's exercise of jurisdiction mandatory.

The court therefore AFFIRMS the April 17, 2008 F&R's finding that Plaintiff's request for attorneys' fees is not a separate claim requiring the court to maintain jurisdiction over this action.

///

---

[3]  Defendant makes several other unsupported and irrelevant assertions, including that Plaintiff might file a separate state law breach of contract action in the future, and Plaintiff's allegation that he is not asserting a separate claim for monetary relief is a ruse to keep litigation in Kauai.  *See* Defs.' Obj. 9-10.  There are no *facts* presented to support these allegations, and the court will not base its decision on what *might* occur in the future.  Rather, the relevant inquiry here involves the allegations and claim in the Complaint.

[4]  *Chamberlain* found that under the facts presented, the district court had mandatory jurisdiction over an insured's claim for bad faith.  *See Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991).  Contrary to Defendant's argument, *Chamberlain's* holding is limited to its facts, and did not broadly find that any claim for monetary relief provides the court mandatory jurisdiction.

**B.      Needless Determination of State Law Issues**

The April 17, 2008 F&R laid out the factors for determining whether a court should decline jurisdiction, and found that while most of the factors are neutral, the factor of avoiding needless determination of state law issues weighs in favor of declining jurisdiction.[5]  Upon a de novo review, the court agrees with the April 17, 2008 F&R's conclusion that it should decline jurisdiction to avoid determining unresolved state law issues.

A "needless determination of state law" may involve an ongoing parallel state proceeding regarding the "precise state law issue," an area of law Congress expressly reserved to the states, or a lawsuit with no compelling federal interest (*e.g.*, a diversity action).  *Continental Cas. Co. v. Robsac Indus.*, 947 F.2d

---

[5]  The April 17, 2008 F&R properly laid out the appropriate factors to consider from *Brillhart v. Excess Ins. Co. of Am.*, 16 U.S. 491 (1942), and later Ninth Circuit caselaw. *Brillhart* provides that the district court should consider: (1) avoidance of needless determination of state law issues; (2) discouragement of filing a declaratory judgment action as a means of forum shopping; and (3) avoidance of duplicative litigation.  The Ninth Circuit considers additional factors including whether there are parallel state proceedings, and:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems.  In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225, 1225 n.5 (9th Cir. 1998).

10

1367, 1371-72 (9th Cir. 1991) (*overruled in part on other grounds by Dizol*, 133

F.3d at 1225). "However, there is no presumption in favor of abstention in

declaratory actions generally, nor in insurance coverage cases specifically." *Dizol*,

133 F.3d at 1225. Rather, as explained by *Allstate Ins. Co. v. Davis*, 430 F. Supp.

2d 1112, 1120 (D. Haw. 2006):

> "The concern in this factor is with unsettled issues of state law, not fact-finding in the specific case." [*Nat'l Chiropractic Mut. Ins. Co. v. Doe*, 23 F. Supp. 2d 1109, 1118 (D. Alaska 1998) (*citing Robsac Indus.*, 947 F.2d at 1371)]. When state law is unclear, "[a]bsent a strong countervailing federal interest, the federal court should not elbow its way . . . to render what may be an 'uncertain' and 'ephemeral' interpretation of state law." *Mitcheson v. Harris*, 955 F.2d 235, 238 (4th Cir. 1992).

*See also Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 815-16 (6th

Cir. 2004) ("Where as here, there are two potential unresolved questions of state

law concerning state regulated insurance contracts, this consideration weighs

against exercising jurisdiction.").

　　　　The court finds that it should decline jurisdiction to avoid needlessly

determining a state law issue that the Hawaii courts have yet to address.

Specifically, Plaintiff seeks a declaration that Defendant is required to indemnify

and defend him in the Honpa action pursuant to the terms of Plaintiff's

professional liability insurance for his real estate business. Defendant has denied

coverage on the basis that the Honpa action arose, at least in part, due to Plaintiff's services in acting as a director of the Early School.  Pl.'s Mot. Remand, Ex. C, at 3.  The court could find no Hawaii caselaw construing the scope of this type of liability insurance exclusion, and Plaintiff argues that caselaw from at least some jurisdictions supports coverage in this instance.  *See* Pl.'s Mot. Remand, Ex. D, at 25-32.  By granting Plaintiff's Motion for Remand, the Hawaii state courts can determine the proper scope of these exclusions.

Defendant's arguments that the April 17, 2008 F&R improperly weighed the *Brillhart* and *Dizol* factors are meritless.  First, Defendant argues that the April 17, 2008 F&R misapplied the *Brillhart* factors due to an erroneous statement of law "that federal courts abstain from hearing insurance coverage disputes."  Defs.' Obj. 6.  Contrary to Defendant's argument, the April 17, 2008 F&R did not find that courts should abstain in insurance cases, and indeed recognized that there is no presumption in favor of abstention.  *See* Apr. 17, 2008 F&R 8.  The court also rejects Defendant's argument that the court *must* exercise diversity jurisdiction where there is no duplicative litigation between the parties. *See* Def.'s Obj. 5.  The concern of duplicative litigation is a factor separate from the court's determination that it should decline jurisdiction to avoid a needless determination of these unresolved state law issues.

12

The court therefore AFFIRMS the April 17, 2008 F&R's finding that avoiding the needless determination of state law issues weighs in favor of remand. The court further agrees with the April 17, 2008 F&R's determination that the other *Brillhart* and *Dizol* factors are neutral, but the concern for needless determination of state law issues, on its own, provides just reason for the court to decline jurisdiction over this action. The court therefore AFFIRMS the April 17, 2008 F&R's conclusion that the court should decline jurisdiction.

## V.  CONCLUSION

For the reasons stated above, the court AFFIRMS the April 17, 2008 F&R, and further ORDERS that this case be remanded to Hawaii state court.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 30, 2008.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Keown v. The Tudor Ins. Co.*, Civ. No. 08-00041 JMS/KSC, Order Affirming Magistrate Judge Chang's April 17, 2008 Findings and Recommendation to Grant Plaintiff's Motion for Remand